FREDERICK H. FOGLESONG AND ELIZABETH C. FOGLESONG, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

FREDERICK H. FOGLESONG CO., INC., PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket Nos. 4725–73, 4726–73.      Filed November 16, 1981.

*James J. Shrager, Stephen P. Lichstein,* and *Kevin M. Kilcullen,* for the petitioners.
*Andrew I. Panken,* for the respondent.

### OPINION

FORRESTER, *Judge*: This matter comes before the Court on remand from the Seventh Circuit Court of Appeals, *Foglesong v. Commissioner*, 621 F.2d 865 (1980), revg. and remanding T.C. Memo. 1976–294. The facts were set forth in detail in our prior opinion and were not disturbed on appeal. No new evidence

has been offered on the issues to be decided herein; thus, we shall not reiterate facts previously found.

In our earlier opinion, we held that Frederick H. Foglesong (hereinafter petitioner) so controlled and directed the earning of the income of Frederick H. Foglesong Co., Inc. (hereinafter the corporation), as to render 98 percent of such income taxable to him rather than to the corporation under section 61[1] and the assignment of income doctrine as expressed in *Lucas v. Earl*, 281 U.S. 111 (1930); *American Security Bank v. Commissioner*, 56 T.C. 828 (1971). As a result of this conclusion, we did not address respondent's alternative argument that the corporation's income should be taxed to petitioner under section 482.

The Court of Appeals for the Seventh Circuit, finding our total reliance on section 61 improper, remanded for consideration under section 482. It held that where, as here, there is a finding that the corporation is in fact a separate taxable entity and not a mere sham, and the criteria for the application of section 482 are met, "it is inappropriate to weigh 'legitimate' business purposes against tax avoidance motivations in determing the application of the *Lucas v. Earl* assignment of income doctrine essentially to set aside a corporation for tax purposes." (621 F.2d at 873.) The court reasoned that reliance on section 61 under the facts presented herein was imprecise, and had the effect of "cracking walnuts with a sledgehammer." Although its mandate specifically required reconsideration under section 482, the court did not foreclose us from utilizing statutory and "common law" principles to address the tax-avoidance measures employed by petitioner, nor did it specify what results should be obtained.[2]

Section 482 authorizes respondent to allocate gross income, deductions, and credits between any two or more organizations, trades, or businesses (incorporated or not) which are

---

[1]Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954 as amended and in effect during the taxable years in issue.

[2]Presumably, in the Seventh Circuit's view, where the corporation is not a sham, use of the "assignment of income" doctrine may be appropriate to shift income to him who actually earned it, so long as the effect of so doing is not to indirectly deny the corporation's existence as a separate taxable entity.

owned or controlled by the same interests, where necessary to clearly reflect income or to prevent evasion of taxes.[3] It is under this section that respondent seeks to allocate 98 percent of the net commission income of the corporation to the petitioner.[4]

Petitioner maintains that section 482 may not be applied to him because he is a mere corporate employee and not an organization, trade, or business as required by that section. We disagree. The scope of section 482 is broad. It is designed to encompass "all kinds of business activity." H. Rept. 704, 73d Cong., 2d Sess. 24 (1934); sec. 1.482–1, Income Tax Regs. In *Keller v. Commissioner*, 77 T.C. 1014 (1981), we held that a controlling shareholder and employee of a personal service corporation fits within the ambit of section 482. Based primarily upon legislative history and the Treasury regulations promulgated under section 482, we noted that that section contemplates "any type of entity or enterprise which has independent tax significance." *Keller v. Commissioner, supra*; sec. 1.482–1(a)(1) and (2), Income Tax Regs. Because the petitioner as an employee and the corporation are separate taxable entities and separate trades or businesses,[5] we hold that under the facts presented herein, the threshold requirement of section 482, that there be at least two organizations, trades, or businesses, is met. *Keller v. Commissioner, supra*. Cf. *Wilson v. United States*, 530 F.2d 772, 777 (8th Cir. 1976).

Petitioner also argues that, even if section 482 is applicable to the instant case, it may only be used to reallocate accounts receivable earned by petitioner and assigned to the corporation prior to its incorporation, and dividends paid to petitioner's children. He asserts that, with these adjustments, income

---

[3]SEC. 482. ALLOCATION OF INCOME AND DEDUCTIONS AMONG TAXPAYERS.

In any case of two or more organizations, trades, or businesses (whether or not incorporated, whether or not organized in the United States, and whether or not affiliated) owned or controlled directly or indirectly by the same interests, the Secretary or his delegate may distribute, apportion, or allocate gross income, deductions, credits, or allowances between or among such organizations, trades, or businesses, if he determines that such distribution, apportionment, or allocation is necessary in order to prevent evasion of taxes or clearly to reflect the income of any of such organizations, trades, or businesses.

[4]Respondent has also reiterated his position that the petitioner is taxable on the income of the corporation under assignment of income principles pursuant to sec. 61.

[5]*Primuth v. Commissioner*, 54 T.C. 374 (1970) (employee held to be in a trade or business for purposes of sec. 162).

of petitioner and the corporation is clearly reflected and evasion of taxes is prevented.

The respondent has broad discretion in applying section 482. His determination must be upheld unless petitioner proves abuse of that discretion, i.e., that the determination is arbitrary, capricious, or unreasonable. *Marc's Big Boy Prospect, Inc. v. Commissioner*, 52 T.C. 1073, 1092 (1969), affd. 452 F.2d 137 (7th Cir. 1971). Respondent asserts that 98 percent of the corporation's net commission income must be allocated to petitioner pursuant to section 482 in order to prevent evasion of taxes and to clearly reflect the income of petitioner.

The standard against which we must test arbitrariness of the respondent's determination is whether and to what extent actual dealings between the petitioner and the corporation reflect arm's-length dealings between two uncontrolled parties. *Keller v. Commissioner, supra*; *Achiro v. Commissioner*, 77 T.C. 881 (1981). Under the facts herein, petitioner clearly did not deal at arm's length with the controlled corporation, nor did their relationship in fact conform to that which would be reasonable between unrelated parties.

Prior to incorporation, petitioner recognized the entire net income of his business. His primary motive for incorporating was the avoidance of taxes by splitting commission income between the corporation and himself.[6] He did, however, have other bona fide reasons for incorporating the business, such as limiting liability and business diversification. Because of these latter valid reasons we were, and still are, loath to consider the corporation a sham. But just because the petitioner and the corporation are separate taxable entities does not mean the manner by which petitioner, as controlling shareholder, chooses to allocate income between them should be given tax effect. Before we will accept petitioner's allocation, it must reflect arm's-length dealing.

The touchstone for determining whether the financial relations between the petitioner and the corporation reflected those of unrelated parties dealing at arm's length is the extent to which the total remuneration to the petitioner from the

---

[6]The application of sec. 482 does not require proof of tax-avoidance motives, as would sec. 269. *Wilson v. United States*, 530 F.2d 772, 777 (8th Cir. 1976); *Keller v. Commissioner*, 77 T.C. 1014 (1981).

corporation for the services he performed (including salary, pension, and other benefits) was essentially equivalent to that which he would have received absent incorporation. *Keller v. Commissioner, supra.*

In the instant case, petitioner received no pension or similar benefits from the corporation, and had he not incorporated, he would have recognized additional total compensation for the years 1966 through 1969 of approximately $212,000.[7] Clearly, this indicates that petitioner—the sole income-generating employee of the corporation—was worth far in excess of the salary he received for those years. See *LaMastro v. Commissioner,* 72 T.C. 377, 384 (1979); *Bianchi v. Commissioner,* 66 T.C. 324, 334–335 (1976), affd. per curiam 553 F.2d 93 (2d Cir. 1977). Had petitioner been dealing at arm's length with the corporation, his salary and benefits would not have so substantially deviated from his worth to the corporation. Thus, petitioner's, having failed to sustain his burden to prove that the amount of benefits received from the corporation reflected an arm's-length transaction between unrelated entities, he has likewise failed to prove respondent's determination arbitrary, capricious, or unreasonable.

It is important to note at this juncture that it is not our intention to discourage the use of the corporate form for personal service businesses where one of the purposes for incorporation is to take advantage of certain intended Federal tax law benefits, i.e., medical reimbursement plans, death benefits, and retirement plans. See *Keller v. Commissioner, supra; Achiro v. Commissioner, supra.* Clearly, Congress has intended such a use of the corporate form, and it would therefore be inappropriate for us to adopt a rule to the contrary. See *Keller v. Commissioner, supra; Achiro v. Commissioner, supra.*

In accordance with the foregoing discussion, the result herein will be identical to that in our earlier opinion. This is, we believe, entirely consistent with our mandate from the Seventh Circuit Court of Appeals. The reallocation of income

---

[7]This figure is based on net taxable income of the corporation for its fiscal years ending in 1967, 1968, 1969, and part of 1970.

asserted by the respondent is the proper result under our interpretation of section 482.[8] Here, petitioner and the corporation did not deal at arm's length, and respondent's allocation merely places them in parity with similarly situated parties dealing at arm's length.

*Appropriate decisions will be entered.*

---

[8]The use of sec. 61 and the assignment of income doctrine is still appropriate to attribute a corporation's income to its sole stockholder/employee where justified by the facts. See note 2 *supra.*