691 F.2d 848
 82-2 USTC P 9650
 Frederick H. FOGLESONG and Elizabeth C. Foglesong,
Petitioners-Appellants,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
FREDERICK H. FOGLESONG CO., INC., Petitioner-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 82-1266.
 United States Court of Appeals,
Seventh Circuit.
 Argued Sept. 17, 1982.
Decided Oct. 29, 1982.
Opinion on Denial of Rehearing and Rehearing
En Banc Jan. 20, 1983.
 
 James J. Shrager, Hannoch, Weisman, Stern, Besser, Berkowitz & Kinney, P.A., Newark, N.J., for petitioners-appellants.
 Jonathan Cohen, Asst. Atty. Gen., Tax Div., Dept. of Justice, Washington, D.C., for respondent-appellee.
 Before CUMMINGS, Chief Judge, PELL, Circuit Judge, and DUMBAULD, Senior District Judge.*
 PELL, Circuit Judge.
 
 
 1
 Appellant Frederick H. Foglesong (taxpayer)[1] appeals from a decision of the United States Tax Court assessing deficiencies in income taxes for four taxable years. The Tax Court held that the Commissioner of Internal Revenue could properly allocate the income received by the taxpayer's personal service corporation to the taxpayer pursuant to 26 U.S.C. § 482.[2]
 
 
 2
 The case arose in 1973 when the Commissioner sent tax deficiency notices to the taxpayer, which he contested. The Tax Court, on September 20, 1976, ruled that most of the income reported by the corporation should have been reported by the taxpayer under 26 U.S.C. § 61 and assignment of income principles. Foglesong v. Commissioner, 35 T.C.M. (CCH) 1309 (1976). The court did not decide whether section 482 applied.
 
 
 3
 On appeal, this court reversed the Tax Court's decision. Foglesong v. Commissioner, 621 F.2d 865 (7th Cir. 1980). The court held that section 61 could not be applied to allocate the income where the corporation was not a sham, where it, rather than the taxpayer, entered into service contracts with third parties, and where the taxpayer worked exclusively for it. The court remanded the case to the Tax Court for a consideration of whether section 482 should be employed to allocate the corporation's income to the taxpayer.
 
 
 4
 On November 16, 1981, the Tax Court issued an opinion holding that section 482 applied and that 98% of the corporation's taxable income was allocable to the taxpayer. Foglesong v. Commissioner, 77 T.C. 1102 (1981). The taxpayer was assessed deficiencies of $27,399 in 1966; $39,270.56 in 1967; $44,692.96 in 1968; and $49,816.63 in 1969. It is from that decision that taxpayer appeals.
 
 
 5
 The issue in this case is whether section 482 can properly be applied to allocate the income received and reported by the company to the taxpayer and, if so, whether the amount of the allocation was proper.
 
 I. FACTS
 
 6
 This court extensively set out the facts of this case in its prior decision, see 621 F.2d at 866-67, and, because they are not disputed, we need not reiterate them. Rather, we will state only the facts necessary to understand the case.
 
 
 7
 Frederick H. Foglesong, an Illinois resident, was a chemical engineer who worked for several years as a manufacturers' sales representative. On August 30, 1966, he formed a personal service corporation, Frederick H. Foglesong Co., Inc., of which he owned 98% of the stock. His children received some preferred stock and some dividends.
 
 
 8
 Although there was no written employment contract with his company, the taxpayer worked exclusively for it and conducted no other business activities. The corporation did receive some payments for work the taxpayer performed prior to incorporation. The taxpayer received salary payments beginning in January 1977, and continuing monthly thereafter.
 
 II. SECTION 482
 
 9
 Section 482 provides that the Commissioner may allocate income, to prevent evasion of taxes, in the case of "two or more organizations, trades, or businesses ... owned or controlled directly or indirectly by the same interests." The crux of the case is whether the taxpayer and his personal service corporation constitute two "organizations, trades, or businesses."
 
 
 10
 There is no doubt that section 482 was intended to be broadly interpreted. The section was intended to apply and has been applied to cases where the profits of one business have been offset against the losses of another to reduce or escape tax liability. See Ach v. Commissioner, 42 T.C. 114 (1964), aff'd, 358 F.2d 342 (6th Cir. 1966), cert. denied, 385 U.S. 899, 87 S.Ct. 204, 17 L.Ed.2d 131; H.R.Rep. No. 2, 70th Cong., 1st Sess. 16-17 (1927) (purpose was to prevent evasion "by the shifting of profits, the making of fictitious sales, and other methods frequently adopted for the purpose of 'milking' ").
 
 
 11
 Furthermore, the regulations define "organization" to include "a sole proprietorship, a partnership, a trust, an estate, an association, or a corporation." Treas.Reg. 1.482-1(a)(1). Accordingly, courts have held that the two businesses requirement is satisfied when an individual engages in a business that is distinct from or in addition to the business in which the personal service corporation is engaged. See, e.g., Borge v. Commissioner, 405 F.2d 673 (2d Cir. 1968), cert. denied, 395 U.S. 933, 89 S.Ct. 1994, 23 L.Ed.2d 448.
 
 
 12
 In recent decisions, however, the Tax Court has gone beyond this to hold that section 482 is designed "to cover any type of entity or enterprise which has independent tax significance," Keller v. Commissioner, 77 T.C. 1014, 1022 (1981), when evasion of taxes is perceived. Thus a corporation and its sole employee, even though the employee works exclusively for it in the same business-carrying on no outside business activity-may be deemed to be in a separate trade or business so as to meet the dual business requirement of section 482. Once the two businesses threshold is passed, the test of whether section 482 allocation is permissible is whether the compensation package the individual received from the corporation was less than what he would have received absent incorporation. See Pacella v. Commissioner, 78 T.C. 604 (1982) (holding invalid the Commissioner's allocation under section 482 when the compensation package was substantially equivalent).[3]
 
 
 13
 We disagree with the Tax Court's expansive interpretation of section 482. The Tax Court in large part seems to have based its broad reading on the statement in a Congressional committee report that the provision was designed to encompass "all kinds of business activity." H.R.Rep. No. 704, 73d Cong., 2d Sess. 24 (1934); see Foglesong, 77 T.C. at 1104. The Tax Court did not consider the statement in context, however. The committee made the remark in explaining why it was adding "organizations" to "trades or businesses": "While it is believed that the language of the present law is broad enough to include 'organizations', this word is added to remove any doubt as to the application of this section to all kinds of business activity." Reliance on the committee's phrase "all kinds of business activity" must therefore be tempered by the recognition that Congress decided to amend the statute by adding "organizations" rather than a much broader phrase like "all entities with independent tax significance."
 
 
 14
 As section 482 is written, we do not believe that the statute can be stretched as far as the Tax Court contends. Rather, we believe that it is appropriate to hold that an individual who does not work exclusively for his personal service corporation may have the income earned by it allocated to him under section 482. The section should not apply, however, to one who does work exclusively for his corporation. This interpretation of section 482 satisfies both the terms of the statute-one who does not work exclusively for his corporation may rightly be said to be engaging in a separate business-and the policy that legitimate personal service corporations should be recognized, see, e.g., Moline Properties, Inc. v. Commissioner, 319 U.S. 436, 63 S.Ct. 1132, 87 L.Ed. 1499 (1943); Kurzner v. United States, 413 F.2d 97 (5th Cir. 1969); Rev.Rul. 70-101, 1970-1 C.B. 278.
 
 
 15
 Virtually all of the cases upholding the application of section 482, many of which the appellee and the Tax Court rely upon to support their position, have done so either in situations involving an attempt to offset the profits of one business with the losses of another or in situations in which the individual performed work other than that he did on behalf of the corporation. A case involving both situations is Borge v. Commissioner, 405 F.2d 673 (2d Cir. 1968), cert. denied, 395 U.S. 933, 89 S.Ct. 1994, 23 L.Ed.2d 448. In that case, the taxpayer was a successful entertainer who also ran a poultry farm that suffered losses. He organized a corporation and transferred to it all of the assets of the poultry business. He then entered into an agreement to work for the corporation as an entertainer and thereby offset the poultry farm's losses by entertainment profits.
 
 
 16
 The court held that the section 482 dual business requirement was satisfied because despite the entertainment contract between Borge and his corporation, Borge in fact remained in a separate business. Instead of putting all of his entertainment revenues into the corporation, he put in only a percentage. "(Taxpayer) was not devoting his time and energies to the corporation; he was carrying on his career as an entertainer, and merely channeling a part of his entertainment income through the corporation." Id. at 676. An indicium that Borge, not the corporation, was running the entertainment business was that the parties seeking his services as an entertainer required that he, not the corporation, guarantee the contracts. Id. at 675. The court concluded that the only purpose of the arrangement between the taxpayer and his corporation was to offset poultry business losses with profits from the entertainment business. Id. at 677.
 
 
 17
 The instant case is markedly different. The taxpayer and his corporation were engaged in the identical business and Foglesong worked exclusively for the corporation. He did no consulting on the side nor did he engage in any other business. Furthermore, he instructed everyone to pay the corporation, not him. Finally, there was no attempt to evade taxes by offsetting the profits of one business against the losses of another.
 
 
 18
 A case similar to Borge is Ach v. Commissioner, 42 T.C. 114 (1964), aff'd, 358 F.2d 342 (6th Cir. 1966), cert. denied, 385 U.S. 899, 87 S.Ct. 204, 17 L.Ed.2d 131. There, the taxpayer ran a dress business and her brother a dairy corporation. The brother transferred ownership of the corporation to her, while she transferred her dress business to the corporation and discontinued the unprofitable dairy business. The losses of the dairy business were used to offset the profits of the dress business, resulting in no income taxes.
 
 
 19
 The Tax Court held that section 482 applied. The court stated that the dual business requirement was satisfied because "sufficient aspects of the (dress) business remained with (taxpayer)" despite the transfer to the corporation. 42 T.C. at 125. Specifically, Ach did not have an employment contract with the corporation and she worked for it without compensation.[4] In addition, the court was concerned with the attempt to offset the profits by the losses of the dairy business.
 
 
 20
 By contrast, Foglesong transferred all of his business to the corporation and retained nothing. The corporation treated him as an employee, not a sole proprietor, by paying him a salary. Although he had no employment contract with the corporation, we find his actual performance-exclusive work for the company-far more significant than any paper obligation. See Foglesong, 621 F.2d at 872. Finally, unlike Ach, there was no shifting of profits from one business to another; thus one of the evils that section 482 was designed to prohibit is not present.
 
 
 21
 Another case stressing the significance of exclusivity is Rubin v. Commissioner, 56 T.C. 1155 (1971), aff'd per curiam, 460 F.2d 1216 (2d Cir. 1972). There, the taxpayer formed a corporation to do business with another corporation, and he performed the required work. The Tax Court held section 482 applicable. In holding that mere employment status is not a trade or business, however, the court indicated the importance of determining whether the taxpayer performed work in addition to that he did for the corporation. It stated
 
 
 22
 that where the particular facts of a case are such as to justify a finding that a shareholder operated an independent business and merely assigned to the corporation a portion of the income therefrom, the business activity of the taxpayer may constitute a trade or business to which allocation of all or part of the income attributable to his efforts is authorized under section 482.
 
 
 23
 56 T.C. 1161 (emphasis added).[5] The court in an earlier ruling in that case noted that taxpayer performed more than $25,000 worth of other work unrelated to the work for his controlled corporation. Rubin v. Commissioner, 51 T.C. 251, 255 (1968), rev'd on other grounds, 429 F.2d 650 (2d Cir. 1970).
 
 III. CONCLUSION
 
 24
 We hold that the Tax Court erred in its decision that 26 U.S.C. § 482 should be applied to allocate income received by Foglesong's personal service corporation to Foglesong. Because the taxpayer did work exclusively for the corporation and because there was no shifting of profits, we reverse the judgment of the Tax Court. We remand the case for a consideration of whether assignment of income principles may be employed to allocate the dividends and preferred stock received by Foglesong's children to Foglesong as well as commission income earned by Foglesong before incorporation but paid to the company after incorporation.[6]
 
 
 25
 Reversed And Remanded.
 
 
 26
 CUMMINGS, Chief Judge, dissenting.
 
 
 27
 I share the view of my brother Wood who dissented on the first appeal because he "believe(s) Section 482 of the Internal Revenue Code applies"* 621 F.2d at 873.
 
 
 28
 CUDAHY, Circuit Judge, with whom CUMMINGS, Chief Judge and WOOD, Circuit Judge join, dissenting from denial of rehearing en banc:
 
 
 29
 As the author of Foglesong v. Commissioner of Internal Revenue, 621 F.2d 865 (7th Cir. 1980) (Foglesong I), which strongly suggested the vulnerability under section 482 of Mr. Foglesong's compensation arrangements, I regret that the court has seen fit to deny rehearing in this section 482 case (Foglesong II). From the present perspective, I am afraid that either Foglesong I (reversing the Tax Court on assignment of income principles under section 61) or Foglesong II (reversing the Tax Court on section 482), or both, were incorrectly decided. The Commissioner still may have strings to his bow (e.g., the assignment of income doctrine, I.R.C. sections 531-37 pertaining to undue accumulation of earnings and the doctrine of constructive receipt, see 621 F.2d at 872-73). Essentially, however, I believe it is almost unconscionable that the taxpayer here has been able to successfully withstand in this court two challenges (under, respectively, section 61 and section 482) to his tax avoidance arrangements.
 
 
 30
 This case might have gone the way of the quite analogous case of Rubin v. Commissioner, 429 F.2d 650 (2d Cir. 1970), where Judge Friendly rejected a section 61 challenge by the Commissioner, but invited a test under section 482. The Second Circuit, in Rubin v. Commissioner, 460 F.2d 1216 (2d Cir. 1972), later affirmed the Tax Court's determination in favor of the Commissioner with respect to the section 482 challenge. The Second Circuit there specifically rejected the argument on which the panel has reversed the Tax Court in Foglesong II. And the Second Circuit failed even to mention the circumstance on which the panel majority here seeks to distinguish the second Rubin case.
 
 
 31
 I think our reversals of the Tax Court on Foglesong's appeals probably condone a serious abuse of the tax laws and may be precedent for dangerous attacks on the integrity of the revenue system.
 
 
 32
 I, therefore, respectfully dissent from the denial of rehearing en banc.
 
 
 
 *
 The Honorable Edward Dumbauld, Senior District Judge of the Western District of Pennsylvania, sitting by designation
 
 
 [1]
 Elizabeth C. Foglesong, taxpayer's wife, is a party to this case by virtue of having filed a joint return with her husband. The Commissioner argues that this court is without jurisdiction to consider the appeal of the Frederick H. Foglesong Co. because the Tax Court held in its favor; the allocation of corporate income to taxpayer meant that the corporation overpaid its taxes for the years in question. Because the company's participation in this appeal is immaterial to the result, we need not decide the jurisdictional question
 
 
 [2]
 § 482. Allocation of income and deductions among taxpayers
 In any case of two or more organizations, trades, or businesses (whether or not incorporated, whether or not organized in the United States, and whether or not affiliated) owned or controlled directly or indirectly by the same interests, the Secretary may distribute, apportion, or allocate gross income, deductions, credits, or allowances between or among such organizations, trades, or businesses, if he determines that such distribution, apportionment, or allocation is necessary in order to prevent evasion of taxes or clearly to reflect the income of any of such organizations, trades, or businesses.
 
 
 [3]
 Keller similarly held the Commissioner's allocation improper because the compensation was substantially equivalent. We note that Congress has sought to overturn this result in Keller by a new statute that allows allocation where "substantially all of the services of a personal service corporation are performed for (or on behalf of) 1 other corporation, partnership, or other entity." Tax Equity & Fiscal Responsibility Act of 1982, § 250(a) (to be codified at 26 U.S.C. § 269A). The House Conference Committee report said that the provision was aimed at situations "where the corporation served no meaningful business purpose other than to secure tax benefits which would not otherwise be available." H.R.Conf.Rep. 760, 97th Cong., 2d Sess. 634 (1982), U.S.Code Cong. & Admin.News 1982, 781, 1190. This section does not affect this case because it is effective for taxable years beginning after December 31, 1982
 
 
 [4]
 Cf. Wilson v. United States, 530 F.2d 772, 778 (8th Cir. 1976) (holding that section 482 was applicable where no salaries were paid to individual taxpayers, indicating they were not true employees, and where corporation paid individuals a "consultant fee," suggesting individuals maintained separate businesses)
 
 
 [5]
 The Second Circuit's brief per curiam opinion affirming the Tax Court suggested that it would not disapprove of a holding that mere employee status is a separate trade or business under section 482, but it did not so hold. 460 F.2d at 1218
 
 
 [6]
 In light of our holding, we do not decide whether the amount of the allocation was properly determined
 
 
 *
 I do not need to consider Judge Wood's alternative position that favored the original position of the Tax Court in 35 TCM 130 (1976). I approve of the reasoning of Judge Forrester in the Tax Court's second opinion. 77 T.C. 1102 (1981)