**Daniel F. KELLER and Marilyn F. Keller, Appellees,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Appellant.**

**No. 82–1414.**

United States Court of Appeals, Tenth Circuit.

Dec. 9, 1983.

Stephen Gray, Atty., Tax Div., Dept. of Justice, Washington, D.C. (Glenn L. Archer, Jr., Asst. Atty. Gen., Michael L. Paup and Carleton D. Powell, Attys., Tax Div., Dept. of Justice, Washington, D.C., with him on the brief), for appellant.

Philip D. Hart, Oklahoma City, Okl. (Richard G. Taft and John N. Schaefer, Oklahoma City, Okl., with him on the brief) of McAfee & Taft, Oklahoma City, Okl., for appellees.

Before SETH, Chief Judge, and HOLLO-WAY and McKAY, Circuit Judges.

McKAY, Circuit Judge.

This is an appeal from an en banc decision of the United States Tax Court, *Keller v. Commissioner,* 77 T.C. 1014 (1981), in which a ten-member majority held that income attributable to petitioner's medical practice was taxable to his wholly-owned professional corporation rather than to him as an individual.

Petitioner, Daniel F. Keller, is a licensed physician who specializes in pathology and is licensed as a pathologist. In 1973 Dr. Keller incorporated Keller, Inc. under the Oklahoma Professional Corporation Act. At all times he was the sole shareholder and sole director of the corporation. As an employee of Keller, Inc., Dr. Keller received compensation from the corporation which included, among other things, contributions made on his behalf to a qualified pension plan and payments under a liberal medical expense reimbursement plan.

The government sought to tax Dr. Keller directly on all income received by Keller, Inc. under either Section 61(a) or Section 482 of the Internal Revenue Code of 1954 ("the Code"), 26 U.S.C. §§ 61(a) and 482 (1976). Section 482 of the Code permits the Commissioner to allocate gross income among or between controlled organizations, trades or businesses. The Tax Court reached its decision under an analysis of Section 482. It held that Section 482 allows the commissioner "to allocate income among related taxpayers to prevent the evasion of taxes or clearly to reflect the

income of each taxpayer's business activities" and that a taxpayer's allocation of income under Section 482 would not be "set aside unless clearly shown to be unreasonable, capricious, and arbitrary." 77 T.C. at 1021–22.

After a thorough review of the discussion by the Tax Court of the application of Section 482 to a one-man personal service corporation, such as Keller, Inc., we are convinced that we can add nothing in the way of elucidation or clarification of the result reached or the reasoning employed. We affirm for the reasons given by the ten-member majority of the Tax Court. *See Keller v. Commissioner,* 77 T.C. 1014, 1020–34 (1981).