GARY M. ROGGIN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Roggin v. Commissioner
Docket No. 11205-81.
United States Tax Court
T.C. Memo 1985-307; 1985 Tax Ct. Memo LEXIS 324; 50 T.C.M. (CCH) 216; T.C.M. (RIA) 85307; June 25, 1985. *324 Petitioner was a physician and a partner in a medical partnership. On September 1, 1977 petitioner incorporated under the laws of Maryland to take advantage of adopting a pension plan, a medical reimbursement plan, and other benefits that were available to corporations. On that same date, petitioner also executed an assignment of his partnership interest to his corporation, and the corporation was substituted as partner in the medical partnership. All the income received from the medical partnership during the period September 1, 1977 to December 31, 1977 was reported on the corporation's Federal income tax return. Respondent sought to allocate this income to petitioner under the assignment of income doctrine. Held, respondent's allocation is erroneous because the assignment of income doctrine is not applicable to the instant case. Keller v. Commissioner,77 T.C. 1014 (1981), affd. 723 F.2d 58 (10th Cir. 1983), followed. Gerald H. Lean, for the petitioner. Robert A. Miller, for the respondent. STERRETT MEMORANDUM FINDINGS OF FACT AND OPINION STERRETT, Chief Judge: By notice of deficiency dated February 26, 1981, respondent determined a deficiency in petitioner's Federal income tax for the taxable year ended December 31, 1977 in the amount of $8,394. Pursuant to section 6653(a), [1] respondent also sought an addition to tax of $419.70. After concessions, the sole issue before us is whether the amount of distributable income generated by the Perry Hall Medical Group Partnership during the period September 1, 1977 to December 31, 1977 is includable in petitioner's income for 1977. *326 FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts, together with the exhibits attached thereto, is incorporated herein by this reference. Petitioner, Gary M. Roggin, was a resident of Bethesda, Maryland at the time of filing his petition in this case. He timely filed his Federal income tax return for the taxable year 1977 with the Internal Revenue Service Center in Philadelphia, Pennsylvania. Petitioner was during 1977, and still is, a licensed Maryland physician specializing in internal medicine and gastroenterology. Prior to September 1, 1977, petitioner practiced medicine in Bethesda, Maryland where he had a sole practice, and also in Perry Hall, Maryland where he practiced medicine with a partnership known as the Perry Hall Medical Group (hereinafter referred to as PHMG). Petitioner became associated with the PHMG in 1969 as an employee and was admitted as a partner in 1977. On September 1, 1977, petitioner formed a professional association, Gary M. Roggin, M.D., P.A. (hereinafter referred to as the corporation), under the laws of the State of Maryland. He transferred all the assets of his sole practice to *327 the corporation in return for all of its stock. Petitioner incorporated to take advantage of adopting a pension plan, a medical reimbursement plan, and other benefits that were available to corporations, but not to other forms of business entities, under the law as then in effect. On that same date, petitioner also executed an assignment of his partnership interest in the PHMG to the corporation, and his corporation was substituted as partner in the PHMG. New stationary was ordered that showed the name of the corporation and the address of the PHMG on the letterhead. At the organizational meeting of the corporation held on September 1, 1977, a pension plan was adopted, a medical reimbursement plan was initiated, and petitioner was elected president of the corporation. In addition, petitioner entered into an employment contract with the corporation. Pursuant to the contract, petitioner agreed to devote his full time and attention to rendering professional services on behalf of the corporation in return for an annual salary of $70,000. The corporation withheld Federal and state income taxes and FICA employee taxes from the salary it paid to petitioner, and it regularly *328 remitted the appropriate withheld amounts to the Internal Revenue Service and Maryland Income Tax Division. On or around September 1, 1977, a business checking account was opened for the corporation and all monies received from his medical practice in Bethesda and from the PHMG were deposited into the corporation's bank account. The corporation maintained books and records which reflected its income from these two sources. All of the income received from the PHMG during the period September 1, 1977 to December 31, 1977 was reported on the corporation's income tax return for the taxable year ended August 31, 1978. The corporation also made contributions to its pension trust totaling $10,000 for its fiscal year ended August 31, 1978. On his return for 1977, petitioner reported $27,676 as his distributive share of income from the PHMG for the period starting on January 1, 1977 and ending on August 31, 1977. In his statutory notice of deficiency, respondent determined that petitioner's distributive share of income from the PHMG for 1977 was $42,475 and increased his income by the difference of $14,799. OPINION The sole issue raised by respondent is whether certain *329 income reported by petitioner's corporation should be allocated to petitioner pursuant to the assignment of income doctrine under section 61(a). At the outset, we note that respondent rcognizes the validity of petitioner's corporation and does not argue that it was a sham. The assignment of income doctrine is a fundamental principle of the income tax law, and it requires that income is to be taxed to the person who earned it. United States v. Basye,410 U.S. 441, 450-451 (1973); Lucas v. Earl,281 U.S. 111 (1930).However, the extent to which the doctrine is applicable is difficult to determine where a one-man professional service corporation is involved. A corporation is not only a separate legal entity, but is also a separate taxpayer for Federal tax purposes. Moline Properties, Inc. v. Commissioner,319 U.S. 436, 438-439 (1943). Furthermore, a corporation can act only through its agents. Commissioner v. Consolidated Premium Iron Ores, Ltd.,265 F.2d 320, 322 (6th Cir. 1959); Keller v. Commissioner,77 T.C. 1014, 1032 (1981), *330 affd. 723 F.2d 58 (10th Cir. 1983). Thus, merely labeling the individual as being the "earner" of the income in an attempt to draw the simplistic conclusion that the individual rather than the corporation is the "earner" of the income is not satisfactory. Johnson v. Commissioner,78 T.C. 882, 890-891 (1982), affd. without published opinion 734 F.2d 20 (9th Cir. 1984). We find respondent's assertion of the assignment of income doctrine to be unjustified on the facts before us, and we therefore refuse to allocate the $14,799 of income to petitioner. The facts in the instant case are substantially identical to those in Keller v. Commissioner,supra. In Keller, the taxpayer was a doctor specializing in pathology and a partner in a medical partnership, which was composed of several physicians who also practiced pathology. The taxpayer incorporated his professional practice after being informed of the various advantages of incorporation, in particular the adoption of a pension plan for himself. At the time he incorporated his practice, the taxpayer and his wholly owned corporation entered into an agreement *331 for the doctor's medical services. After the incorporation, the taxpayer ceased to be a partner in the medical partnership and his corporation was substituted as a partner pursuant to a written agreement executed by the taxpayer and all of the other partners in the partnership. All of the income generated from the taxpayer's services rendered pursuant to the employment contract was reported by the corporation on its income tax return. Respondent sought to allocate this income to the taxpayer under either section 482 [2] or the assignment of income doctrine. The Court found, as to the assignment of income argument, that the corporation, and not the taxpayer had "earned" the income generated from the services rendered by the taxpayer pursuant to his employment contract with his wholly owned corporation. Accordingly, the Court rejected respondent's contentions with respect to the application of the assignment of income doctrine and refused to allocate any of this income to the taxpayer. Respondent seeks to distinguish Keller on two grounds. His first contention is that the validity *332 of the corporation was not questioned in the instant case, whereas the validity of the professional corporation was at issue in Keller. Since the Court in Keller found that the taxpayer's professional corporation was a valid legal entity, we fail to see any merit in this contention. Respondent's second contention is that petitioner's corporation was not substituted for petitioner as partner in the PHMG. He maintains that, unlike in Keller where there was a written agreement signed by all of the partners of the partnership approving the substitution of the taxpayer's corporation for the taxpayer as partner, the partners in the PHMG were not aware of petitioner's incorporation and did not consent to the alleged substitution. Thus, he insists that petitioner's execution of an assignment of his partnership interest in the PHMG to his corporation operated only as an assignment of income that petitioner, and not the corporation, had earned. In support of his contention, respondent maintains that the books and records of the PHMG for 1977 do not disclose petitioner's desire to incorporate, his incorporation, or that his corporation was substituted for him as partner *333 in the PHMG. In addition, he argues that two of the partnership of the PHMG testified that, while they were aware of petitioner's incorporation, they were not sure when such incorporation had transpired. While the presence of written documentation would perhaps have been advisable from a tax-planning standpoint, its absence is not fatal. The uncontroverted testimony at trial established that it was the unwritten policy of the PHMG to automatically accept an individual's professional corporation as a substitute for the individual as partner in the PHMG. It should be mentioned that petitioner was not the only partner to incorporate and have his corporation substituted as partner. Dr. Richter, a partner in the PHMG, incorporated his practice in 1976 and his corporation was automatically substituted for him as partner. Hence, we find that the partners of the PHMG gave their implied consent to the substitution of petitioner's corporation for him as partner in the PHMG. [3]
*334 Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
2. Respondent did not assert that section 482 was applicable in the instant case.↩
3. On brief, respondent seems to argue that whether writeen consent is necessary for the acceptance of a partner in a partnership for Federal income tax purposes is a matter of state law. This appears contrary to his own Rev. Rul. 77-137, 1977-1 C.B. 178, but more importantly is contrary to Estate of Skaggs v. Commissioner,75 T.C. 191, 198 (1980), affd. 672 F.2d 756 (9th Cir. 1982). See also Evans v. Commissioner,447 F.2d 547, 550, 552 (7th Cir. 1971), affg. 54 T.C. 40↩ (1970).