BRUCE M. ISOM, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Isom v. Commissioner
Docket No. 12903-92.
United States Tax Court
T.C. Memo 1995-383; 1995 Tax Ct. Memo LEXIS 385; 70 T.C.M. (CCH) 376; August 14, 1995, Filed *385 Decision will be entered under Rule 155. Garfield E. Smith, for petitioner. Sherri L. Feuer, for respondent. SCOTT, Judge SCOTT MEMORANDUM FINDINGS OF FACT AND OPINION SCOTT, Judge: Respondent determined deficiencies in petitioner's Federal income taxes for the calendar years 1988 and 1989 in the amounts of $ 6,335 and $ 6,250, respectively. Some of the issues raised by the pleadings have been disposed of by agreement of the parties, leaving for decision whether insurance commissions on insurance policies written by petitioner under a contract between petitioner and an insurance company are income to petitioner or the income of a small business corporation, the stock of which was owned by petitioner. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. Petitioner, who resided in Coon Rapids, Minnesota, at the time of the filing of the petition in this case, timely filed his Federal income tax returns for the taxable years 1988 and 1989 with the Internal Revenue Service Center in Kansas City, Missouri. Petitioner has been an insurance agent since 1975. On March 28, 1975, petitioner entered into a Career Agent's Agreement (the agreement) to sell *386 the insurance policies of the American Family Insurance Co. (American Family). The agreement was executed by an authorized representative from American Family and by petitioner in his individual capacity. Petitioner agreed to solicit and place eligible insurance applications with American Family, to deliver insurance policies, to collect premiums and other moneys due, and to represent American Family. Petitioner was required to use American Family's name, trademarks, and other types of identification authorized by American Family. Petitioner could terminate the agreement at any time by giving written notice to American Family, and the agreement terminated automatically upon the death of petitioner. Under the agreement, petitioner was a bailee of American Family policies, manuals, and other company records and was required to safely keep and preserve such documents and records. Upon termination of the agreement, petitioner was required to deliver these documents and records to American Family. Under the agreement, petitioner was prohibited from appointing any sub-agent, solicitor, or broker to act for, or on behalf, of American Family without the written consent of American Family. *387 Petitioner was prohibited from assigning any part of the agreement, any interest or rights therein, or any sums due or to become due, without the written consent of American Family. Unless otherwise provided for in the agreement, no change, alteration, or modification of the terms of the agreement was permitted unless such change, alteration, or modification was evidenced by a written agreement signed by an authorized representative of American Family and by petitioner. On October 27, 1980, petitioner incorporated Isom Agency, Inc. (Isom Agency), under the laws of the State of Minnesota. Petitioner owned all of the stock of Isom Agency and was its president, secretary, and treasurer. Petitioner was the only compensated officer of Isom Agency during the years at issue. Petitioner made all decisions for Isom Agency. On October 24, 1980, petitioner sent a memorandum to a representative of American Family which stated as follows: Effective on 1 November 1980, I am incorporating my agency per the attached articles of incorporation. On that date, all compensation paid to me should be to Isom Agency, Inc. instead of the current method of payment. These articles of incorporation were *388 filed with the State of Minnesota on 10/24/80. If you have any questions, please contact me so we can discuss them.
The first meeting of the incorporator, board of directors, and shareholders was held on November 8, 1980. The minutes for this combined meeting contain the following statement: Bruce M. Isom advised the Board that he agreed to assign all his rights to receive commissions and fees from insurance companies for his services to Isom Agency, Inc.
On December 4, 1980, Isom Agency filed a Form 2553, Election by a Small Business Corporation, electing to be treated as a small business corporation for Federal income tax purposes. During the years at issue, Isom Agency filed Forms 1120-S, U.S. Income Tax Return for an S Corporation. On its Federal income tax returns, Isom Agency indicated that its principal business activity was insurance sales. On December 18, 1980, Mr. C.D. Way, the agency services supervisor for American Family, sent a letter to Mr. James Seston, stating: Re: Bruce Isom (076-066) Effective October 24, 1980 the above agent has been incorporated to Isom Agency, Inc.
His 1980 income will need to be split before the report goes to IRS. His *389 earnings from January 1, 1980 through October 31, 1980 will be recorded under his Social Security Number. His earnings for the months of November and December 1980 will be recorded under his Employer Identification Number, which is 41-1387349. When the 1980 1099's are received we will notify you of the amounts to be recorded under the different numbers. Please record the 1981 income under the corporation's Employer Identification Number.
On August 7, 1984, Mr. Dave Wunsch, director of marketing for American Family, sent a letter to petitioner stating in part: Your request to report income under a corporate ID number rather than your Social Security Number was honored. We complied with your request, because we were reacting to the special needs of our Agents. However, we have recently been advised that we should discontinue honoring such requests due to a change in the interpretation of the tax law. As an Agent, you have entered into an independent contractor relationship with American Family. Any such income, as a result of this relationship, must be reported to the IRS. We are obligated to report the earnings of the individual to whom the income was paid, using *390 their proper identification number (Social Security Number). * * *
During the years at issue Isom Agency had two part-time employees. Ms. Lois Payment worked 32 hours per week during 1988 and 1989. A second employee was hired in July 1989 and worked approximately 25 hours per week for the remainder of 1989. These employees handled telephone solicitations, calls from existing clients, and clerical work. Neither of these employees received or was entitled to commissions from American Family. American Family never entered into any contract with Isom Agency. During the years at issue, all commission checks issued by American Family were payable to petitioner. Petitioner endorsed these checks to Isom Agency. The entire amount reported as commission income by Isom Agency was from the checks endorsed to Isom Agency by petitioner. Isom Agency's corporate income tax returns for the calendar years 1988 and 1989 showed gross receipts (less returns and allowances) from insurance commissions of $ 121,366.25 and $ 121,881.39, respectively. After deductions of expenses, Isom Agency reported ordinary income from trade or business activities for 1988 and 1989 of $ 53,003.64 and $ 48,498.67, *391 respectively. Petitioner's Federal income tax returns for the taxable years at issue reported wages and income from the S corporation as follows: [1]
Year
Wages
S corporation income
1988
$ 8,000
$ 63,830
1989
12,200
59,325
Isom Agency withheld Social Security taxes from the salaries paid to petitioner for the taxable years 1988 and 1989 in the amounts of $ 600.80 and $ 916.22, respectively. During the taxable years at issue, petitioner *392 received Forms 1099-MISC from American Family, reflecting the insurance commissions paid to him. Respondent determined in her notice of deficiency that petitioner was required to report the commission income received by him which he assigned to Isom Agency. Respondent further determined that petitioner was subject to self-employment tax for the years 1988 and 1989 in the amounts of $ 5,859 and $ 6,250, respectively. Respondent on brief conceded that these amounts should be reduced by the Social Security taxes withheld by Isom Agency from petitioner's salary. Petitioner contends that the insurance commissions from American Family were assigned to Isom Agency and, therefore, petitioner is not liable for self-employment tax. OPINION Section 61(a)[2] provides that gross income includes all income from whatever source derived, including compensation for services, fees, commissions, or gains derived from dealings in property. Fundamental to this principle is that income is taxed to the person who earns it. United States v. Basye, 410 U.S. 441, 449-451 (1973); Lucas v. Earl, 281 U.S. 111 (1930). The person or entity who earns *393 the income is the person or entity who controls the earning of the income. Vnuk v. Commissioner, 621 F.2d 1318, 1320 (8th Cir. 1980), affg. T.C. Memo. 1979-164. Both this Court and the Court of Appeals for the Eighth Circuit, the circuit to which this case is appealable, have recognized two necessary criteria for a corporation rather than the service provider to be considered the true controller and, therefore, the true earner of the income. First, the service provider must be an employee of the corporation with the corporation having the right to direct or control his activities in some meaningful way. Sargent v. Commissioner, 929 F.2d 1252, 1256 (8th Cir. 1991), revg. on other grounds 93 T.C. 572 (1989); *394 Johnson v. Commissioner, 78 T.C. 882, 891 (1982), affd. without published opinion 734 F.2d 20 (9th Cir. 1984). Second, there must exist between the corporation and the entity using the services, in this case American Family, a contract or similar indicium recognizing the corporation's controlling position. Sargent v. Commissioner, supra; Leavell v. Commissioner, 104 T.C. 140, 151-152 (1995). In Keller v. Commissioner, 77 T.C. 1014, 1027 (1981), affd. 723 F.2d 58 (10th Cir. 1983), the taxpayer was a partner in MAL, a partnership of pathologists that provided medical services to hospitals and physicians. The taxpayer also received income as payment for supervisory services from MAL, Inc., a corporation that provided laboratory and technical support to MAL. In 1973, the taxpayer incorporated his own medical practice, named Keller, Inc., and ceased being a partner in MAL. Keller, Inc., was substituted as a partner pursuant to an agreement executed by the taxpayer, MAL, and Keller, Inc., dated December 3, *395 1973. An agreement for services to be provided was not executed between MAL, Inc., and Keller, Inc., until January 1, 1975. We held that, while Keller, Inc., was a valid corporation for Federal tax purposes, the income from MAL, Inc., for the year 1974 was directly taxable to the taxpayer, since the agreement substituting Keller, Inc., for the taxpayer as the service provider to MAL, Inc., was not executed until 1975. We held that the taxpayer performed services for MAL, Inc., in his individual capacity during 1974. See also Johnson v. Commissioner, supra at 893. Based on the evidence, we find that there was no contract, or other agreement, or understanding between Isom Agency and American Family that recognized Isom Agency's controlling position in earning the commission income. Petitioner testified that there was no contract between Isom Agency and American Family during the years at issue. There is no evidence in the record of an assignment to Isom Agency of the employment agreement between petitioner and American Family. While petitioner expressed in Isom Agency's corporate minutes an intent to make a future assignment, petitioner made no such *396 assignment. Further, the employment agreement specifically disallowed assignment without the agreement of American Family, and the evidence shows that the agreement was not modified by petitioner and American Family to substitute Isom Agency for petitioner as the seller of the insurance policies. Based on the evidence, we find that the corporation did not have control over petitioner in any meaningful sense. Only petitioner had the right to write and deliver insurance policies, represent American Family, and collect premiums and other moneys due under the agreement. American Family issued all of the checks to petitioner, and the amount of compensation due petitioner was determined under the employment agreement between petitioner and American Family, an agreement to which Isom Agency was not a party. Petitioner had the right, and not Isom Agency, to terminate the agreement between himself and American Family. Therefore, the earner of the income was clearly petitioner and not Isom Agency. Petitioner cites American Savings Bank v. Commissioner, 56 T.C. 828 (1971), in support of his position that Isom Agency was the true earner of the insurance commissions. *397 The American Savings Bank case is readily distinguishable from the present case in that in the American Savings Bank case the contracts whereby the insurers authorized the sale of insurance were with the corporation and not, as here, with the individual agent. It was also within the corporation's power to permit or prohibit its agents from selling insurance. American Savings Bank v. Commissioner, supra at 839. In the present case, the evidence clearly shows that the agreement was between American Family and petitioner, and not American Family and Isom Agency. Petitioner cites Foglesong v. Commissioner, 691 F.2d 848 (7th Cir. 1982), revg. 77 T.C. 1102 (1981), for the proposition that the corporation can be recognized as the controlling entity without any evidence, or documentation of any transfer or assignment, or any employment contract. The Foglesong case cited by petitioner was an appeal from a decision this Court entered on remand by the Court of Appeals for the Seventh Circuit ( Foglesong v. Commissioner, 621 F.2d 865 (7th Cir. 1980), revg. T.C. Memo. 1976-294), *398 of a prior case in which we had held that, even though the contracts for services were between the corporation and the beneficiaries of the services, in substance the taxpayers were the earners of the income. On remand, pursuant to the opinion of the Court of Appeals, we accepted the fact that section 61 was not applicable and considered only the applicability of section 482. Therefore, in the case cited by petitioner the issue involved solely the application of section 482. The instant case does not involve section 482, but only whether under section 61 the commissions were earned by petitioner. The facts here show that petitioner had the contract with the insurance company. Therefore, the Foglesong case cited by petitioner does not support petitioner's position in the present case, nor does the prior Court of Appeals Foglesong case support it, since there the corporation had the contracts that produced the income. Based on the evidence in this record, we hold that petitioner was the true earner of the income from the insurance commissions paid under his employment agreement with American Family, and that petitioner made no valid assignment of his agreement with American *399 Family to Isom Agency. There was no contract between American Family and Isom Agency. We sustain respondent's position that the insurance commissions were earned by petitioner and are taxable to him in each of the years 1988 and 1989. Petitioner on brief contends that if respondent's determination is upheld with respect to the assignment of income issue, petitioner should be able to amend his 1987 Federal income tax return to report in that year income he reported in the years 1987 through 1990 as a result of changing the taxable year of Isom Agency from a fiscal year to a calendar year. Petitioner has cited no authority for his position, nor are there facts present in this record to show the basis of petitioner's contentions. The year 1987 is not before us, and we lack jurisdiction to redetermine petitioner's tax for that year. Sec. 6214(b). We, therefore, do not accept petitioner's contention with respect to revising his income for the year 1987. Because concessions have been made by the parties, Decision will be entered under Rule 155. Footnotes
1. The S corporation income reported by petitioner in each of the years 1988 and 1989 consisted of the items from Isom Agency as follows: 1988 - Isom Agency $ 53,004 Isom Agency 10,826--This apparently represents an adjustment for changing from a fiscal to a calendar year reporting of income in 1987, although the record does not clearly show this fact. 1989 - Isom Agency $ 48,499 Isom Agency 10,826--This apparently represents an adjustment for changing from a fiscal to a calendar year reporting of income in 1987, although the record does not clearly show this fact.↩
2. All section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.↩